Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000018
19-JAN-2012
08:58 AM

NO. CAAP-11-0000018

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LAEL SAMONTE, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPP NO. 10-1-0083 (CR NO. 89-0003))


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)


Petitioner-Appellant Lael Samonte (Samonte) appeals pro se from the "Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (Order Denying Petition) filed on December 23, 2010, in the Circuit Court of the First Circuit (Circuit Court).[1] We affirm.

Samonte was convicted of attempted murder in the first degree and sentenced in 1994 to life in prison without the possibility of parole. In imposing sentence, the Circuit Court granted Samonte credit for time served in presentence detention

---

[1] The Honorable Richard K. Perkins presided over the proceedings relevant to this appeal.

of 1,907 days.[2/] The Circuit Court further ordered, pursuant to Hawaii Revised Statutes (HRS) § 706-656 (Supp. 1988),[3/] the Director of the Department of Public Safety and the Hawai'i Paroling Authority to prepare an application for the Governor to commute the sentence to life imprisonment with parole at the end of twenty years of imprisonment.

On November 3, 2010, Samonte filed a "Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody" (Petition), pursuant to Hawai'i Rules of Penal Procedure Rule 40 (2006). Samonte claimed that because he had been incarcerated for twenty years, his request for commutation should have been granted by the Governor. The Circuit Court denied Samonte's Petition.

On appeal, Samonte argues that the Circuit Court erred in denying his Petition. He repeats his claim that because he has been incarcerated for more than twenty years, he was entitled

---

[2/] The Honorable Leland H. Spencer imposed the sentence on Samonte's attempted first degree murder conviction.

[3/] At the time relevant to this case, HRS § 706-656(1) (Supp. 1988) provided in relevant part:

> (1) Persons convicted of first degree murder or first degree attempted murder shall be sentenced to life imprisonment without possibility of parole.
>
> As part of such sentence the court shall order the director of the department of corrections and the Hawaii paroling authority to prepare an application for the governor to commute the sentence to life imprisonment with parole at the end of twenty years of imprisonment . . . .

HRS § 706-656(1) was subsequently amended effective July 1, 1990, to replace the reference to "the director of the department of corrections" with "the director of public safety" because the employees and functions of the Department of Corrections were transferred to the Department of Public Safety. See 1989 Haw. Sess. Laws Act 211, § 8 at 434. Other than this amendment, the terms of HRS § 706-656(1) have not changed.

to have his sentence commuted by the Governor. In support of his argument, Samonte cites HRS § 706-656. He also attaches to his opening brief a November 29, 2010, letter from the Governor's Chief of Staff notifying Samonte of the denial of his application for commutation.

Samonte's argument is based on his misreading of HRS § 706-656. The statute does not entitle a person (like Samonte) who is convicted of attempted first degree murder to have his or her sentence commuted after serving twenty years of incarceration. HRS § 706-656 only requires the sentencing court to "order the director of [public safety] and the Hawaii paroling authority to <u>prepare an application</u> for the governor to commute the sentence to life imprisonment with parole at the end of twenty years of imprisonment[.]" HRS § 706-656 (emphasis added). In other words, HRS § 706-656 requires the preparation of a commutation application for the Governor. It does not require the Governor to approve the application. Thus, there is no valid basis for Samonte's claim that he is entitled to the commutation of his sentence by virtue of his having served twenty years of imprisonment.

The record shows that in imposing sentence on Samonte, the Circuit Court ordered the preparation of a commutation application pursuant to HRS § 706-656. The record further shows that a commutation application for Samonte was submitted to the Governor. In denying Samonte's Petition, the Circuit Court found that a commutation application was prepared and submitted to the Governor in accordance with HRS § 706-656. We conclude that the Circuit Court properly denied Samonte's Petition.

3

We affirm the Circuit Court's December 23, 2010, Order Denying Petition.

DATED:   Honolulu, Hawai'i, January 19, 2012.

On the briefs:

Lael Samonte
Petitioner-Appellant Pro Se

Lisa M. Itomura
Deputy Attorney General
for Respondent-Appellee

Chief Judge

Associate Judge

Associate Judge

4